**Abdul M. TAALIB–DIN, Appellant,**

v.

**CITY OF DETROIT, et al., Appellees.**

**No. 03–5130.**

United States Court of Appeals, District of Columbia Circuit.

March 15, 2004.

Abdul M. Taalib–Din, Detroit, MI, pro se.

Karen Kendrick Brown, Washington, DC, Darice E. Weber, Lewis & Munday, Detroit, MI, Thomas L. Casey, Sol Gen, Kevin Thomas Smith, Attorney General's Office of State of Michigan, R. Craig Lawrence, Assistant U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Defendants–Appellees.

Before ROGERS, TATEL, and ROBERTS, Circuit Judges.

## JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

ORDERED AND ADJUDGED that the district court's order filed March 31, 2003, be affirmed. The district court properly dismissed appellant's complaint under the Tax Injunction Act (Act), because his complaint challenged the "assessment, levy or collection" of state taxes, and the state courts provide "a plain, speedy and efficient remedy." 28 U.S.C. § 1341. *See*

*Rosewell v. LaSalle Nat'l Bank,* 450 U.S. 503, 511–24, 101 S.Ct. 1221, 67 L.Ed.2d 464 (1981); *California v. Grace Brethren Church,* 457 U.S. 393, 408, 102 S.Ct. 2498, 73 L.Ed.2d 93 (1982). Moreover, even if the Act itself does not bar appellant's claims for damages, the claims are barred by the principles of comity which underlie the Act. *See Fair Assessment in Real Estate Ass'n. Inc. v. McNary,* 454 U.S. 100, 107, 102 S.Ct. 177, 70 L.Ed.2d 271 (1981); *cf. Cumberland Farms. Inc. v. Tax Assessor,* 116 F.3d 943, 945 (1st Cir. 1997) (holding that Act itself precludes damages claims). To the extent appellant challenges the district court's set-aside of an erroneously-entered default judgment, the district court did not abuse its discretion in setting aside the judgment. *See Jackson v. Beech,* 636 F.2d 831, 835 (D.C.Cir.1980) (decision to set aside default judgment is committed to discretion of district court). To the extent appellant seeks a writ of mandamus compelling the district court to accept jurisdiction over his complaint, mandamus is not warranted.

*See Kerr v. District Court,* 426 U.S. 394, 403, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976) (mandamus relief warranted only where right to relief is clear and indisputable). Finally, because appellant did not raise in district court his claim that his Thirteenth Amendment rights were violated, that claim is waived. *See District of Columbia v. Air Florida, Inc.,* 750 F.2d 1077, 1084 (D.C.Cir.1984).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.